OPINION OF THE COURT
Robert M. Haft, J.
Defendant is charged with filing several fictitious New York State tax returns for the tax year 1979 in order to obtain multiple refunds to which he was not entitled. The indictment contains numerous counts of forgery, offering a false instrument for filing, and grand larceny. Defendant entered a plea of guilty to the first count of the indictment, forgery in the second degree, a class D felony, in full satisfaction of the indictment, pursuant to an agreement between himself and the prosecuting Attorney-General, approved by the court, that he would receive a penitentiary sentence if he were not found to be a predicate felon and a minimum State prison sentence under a substituted plea to a class E felony if he were.
The Attorney-General did subsequently file a predicate felony statement alleging that defendant should be sentenced as a second felony offender under the provisions of section 70.06 of the Penal Law, the basis being defendant’s *140 conviction, upon his plea of guilty, entered September 25, 1978, in the United States District Court, Southern District of New York, to section 287 of title 18 of the United States Code for the similar crime of filing multiple Federal tax returns for the purpose of obtaining unauthorized refunds. The defendant acknowledges this previous conviction but contends that it does not constitute a predicate felony conviction for the purposes of section 70.06 of the Penal Law. He maintains that he should be sentenced as a first offender.
Both sides have submitted extensive memoranda of law in support of their respective positions. While the parties agree that the corresponding New York crime would be offering a false instrument for filing, they differ as to the degree of that crime which may be applicable, a felony in the view of the Attorney-General (Penal Law, § 175.35), a misdemeanor according to the defendant (Penal Law, § 175.30).
Section 70.06 (subd 1, par [b], cl [i]) of the Penal Law provides, in pertinent part: “For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply: (i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed”. In determining whether the defendant’s Federal conviction is analogous to the felony or to the misdemeanor grade of offering a false instrument for filing, it is necessary first to compare the elements of the crimes.

Federal Statute

“False, fictitious or fraudulent claims. Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be fined not more than $10,000 or imprisoned not more than five years, or both.” (US Code, tit 18, § 287.)

*141
State Statute

“Offering a false instrument for filing in the first degree
“A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant.
“Offering a false instrument for filing in the first degree is a class E felony.” (Penal Law, § 175.35.)
“Offering a false instrument for filing in the second degree
“A person is guilty of offering a false instrument for filing in the second degree when, knowing that a written instrument contains a false statement or false information, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant.
“Offering a false instrument for filing in the second degree is a class A misdemeanor.” (Penal Law, § 175.30.)
The two New York statutes, enacted in 1965, are derived from a former Penal Law provision (§ 2051) making it a felony to knowingly procure or offer any false or forged instrument for filing or recording. The revised statutes make a distinction based upon the degree of culpability. The basic offense is satisfied by a “knowing” commission thereof and carries a misdemeanor penalty. The first degree offense, rasised to a felony, can be committed only where there is a specific “intent to defraud” the State. The former Penal Law provision, however, attached equal culpability to one “who, out of vanity, ‘knowingly’ falsified his age in a license application, and one who corruptly defrauded the state out of huge sums through false documents submitted in connection with a building contract.” (Hechtman, Practice Commentaries, McKinney’s Cons Laws, Book 39, Penal Law § 175.30, p 314.)
*142 The Federal statute, section 287 of title 18 of the United States Code, unlike the New York statute, creates a single penalty for three disparate though similar acts — the making of a false, or a fictitious, or a fraudulent claim, knowing the claim to be false or fictitious or fraudulent. The statute contains no specific requirement of an intent to defraud the United States or its agencies.
Only a few Federal cases have interpreted this statute. In United States v Maher (582 F2d 842), the court held that an intent to defraud was not an element to be proved under the statute. The court noted that since the statute was written in the disjunctive, a claim need not be fraudulent to be penalized. The court interpreted the statute to require only that one of the three types of prohibited claims be made with knowledge of its character. The court found that the statutory purpose was not furthered by an interpretation that would limit prosecutions to instances where the defendant was motivated solely by an intent to cheat the Government or gain an unjust benefit (supra, at p 847).
Similarly, in United States v Milton (602 F2d 231), the court held that an intent to defraud was not an element of the offense of submitting a “false” claim to the Government. In that case, the District Court had struck the terms “fraudulent” and “fictitious” from the indictment, leaving only the allegation of “false” statements. The Circuit Court stated (p 233, n 7): “We do not decide whether intent to deceive becomes an element when the defendant is charged with submitting fraudulent, as opposed to false, claims under 18 U.S.C. § 287” and went on to hold (p 234) “that the jury need not receive an instruction on intent to defraud the government, nor is it an element of the offense, when the government prosecutes for the submission of false claims in violation of 18 U.S.C. 287” (emphasis in original).*
Because an intent to defraud becomes an element of the crime under section 287, only when the prosecution is required to prove fraud, what should be the result when, as here, no proof was offered of the particular elements of the *143 crime? The defendant pleaded guilty in District Court to two counts of an indictment which tracked the statutory language as follows: “On or about the dates set forth below [January 30, 1978 and January 17, 1978] in the Southern District of New York, John L. English, the defendant, unlawfully, wilfully and knowingly did make and present to the United States, and to a department and agency thereof, to wit, the Internal Revenue Service, claims as hereinafter described [1040A return in name of Rebecca English, wages declared $7102.80, refund requested $962; 1040A return in name of Ronald English, wages declared $6011.62, refund requested $942], upon and against the United States and upon and against the Internal Revenue Service, to wit, claims for income tax refunds, knowing such claims to be false, fictitious and fraudulent.” Thus, defendant was charged in an indictment conjunctively with making false, fictitious and fraudulent claims whereas the statute measuring the offense reads in the disjunctive. Can it be said that defendant pleaded guilty to making a fraudulent claim (requiring an intent to defraud) and therefore to a crime which would have been a felony in New York? I think not.
The landmark case in New York interpreting the multiple offender statute is People v Olah (300 NY 96). There, the Court of Appeals directed (p 98) that not only the indictment but the statute upon which the indictment is drawn must be considered to define and measure a crime: “Since an indictment not infrequently contains immaterial and nonessential recitals, we cannot determine the ‘crime’ with which a defendant is charged — and, of course, of which he is convicted — by mere examination of the indictment’s allegations. To ascertain that ‘crime’, we must of necessity consider the statute which created and defined it and upon which the indictment was based.” In Olah (supra) the New Jersey indictment, to which defendant pleaded guilty, charged him with the theft of a wallet containing two $100 bills and an Elgin watch, all of the value of over $20. The New Jersey statute defined the larceny of which defendant was convicted to require a theft of only $20 or more. Since the New York grand larceny statute at the time (Penal Law, § 1296) required a theft of *144 at least $100, Olah could not be said to have been convicted of a crime which would have been a felony in New York. The Court of Appeals held that although Olah admitted on his plea stealing a wallet with two $100 bills, it was a larceny only of property worth $20 or more — the remaining allegations in the indictment were surplusage. The court concluded (p 101) that the application of second felony offender treatment: “cannot be made to turn upon the expansiveness of the prosecutor who prepared and drafted the indictment in the other State. One prosecutor may content himself with pleading only essential allegations, while another may choose to include immaterial and surplus recitals. Liberty — even of habitual malefactors — is too important to depend upon the drafting technique or the pleading preference of a particular official.”
The Court of Appeals continued to pay at least lip service to the Olah rule in subsequent cases. In People v Love (305 NY 722), the court acknowledged its decision in Olah (supra) but found that it did not apply to a case where an Alabama statute punished as grand larceny the theft of $5 or more from the person of another and $25 or more in any other manner. Defendant Love in the Alabama proceedings specifically acknowledged taking property from the person of its owner. In holding the Alabama conviction to constitute a New York felony, the Court of Appeals apparently found the “from the person” allegations in the Alabama indictment to be operative and material and therefore not surplusage within the Olah rule. (See, also, People ex rel. Newman v Foster, 297 NY 27.)
The Court of Appeals continued to apply the Olah rule, perhaps refining it, in People ex rel. Gold v Jackson (5 NY2d 243). In the Gold case, the Florida statute under consideration described two separate, distinct and different criminal acts, one of which would be a felony in New York (burglary in the third degree), the other a misdemeanor (unlawful entry). The defendant entered a plea of guilty to an information which specifically charged the acts constituting burglary in New York. The Court of Appeals would not assume (p 245) that defendant may have been convicted of that which would have constituted unlawful entry in New York since there were no such facts alleged in the *145 Florida information: “The rationale of Olah does not license the courts below, in sentencing recidivists, to disregard the indictment or information upon which a conviction in a sister State is based in determining whether the crime charged therein constitutes a felony in New York. The intent and spirit of the Olah rule require that the courts of New York abstain from considering the surplus-age contained in the indictment or information which would spell out a felony under our penal statutes. Only those facts alleged in the indictment or information which are not operative or material under the applicable criminal statute of the foreign jurisdiction are to be discounted in ascertaining whether the crime charged is to be deemed a felony in New York.”
Turning to the instant case, we cannot assume that the defendant was convicted in Federal court of submitting a fraudulent claim analogous to the New York felony of offering a false instrument for filing in the first degree. Although the Federal indictment alleges facts which would constitute a felony in New York, it also includes allegations of crimes (submitting fictitious or false claims) which would constitute in New York the misdemeanor of offering a false instrument for filing in the second degree. Moreover, the Federal statute, essential to be considered under the Olah rule, is written in the disjunctive. An intent to defraud is, therefore, not an essential element under the statute, as written. Unlike the Love (supra) or Gold (supra) cases, where the defendant admitted by his plea the material and operative facts which could only be felonious in New York, defendant English, by his plea of guilty, cannot be said to have acknowledged that he acted with intent to defraud the Government or Internal Revenue Service. Of course, it is arguable that defendant could have had no other intent when he filed fictitious tax returns in order to obtain multiple refunds. Indeed, a short time later, he committed virtually the same acts against the New York State Tax Commission for which he was charged here. Admittedly, this is a close case. But if the Olah rule is to be nibbled to death by distinctions without differences, or replaced by some other more pragmatic rule, it ought be done by the court which originally promulgated the rule, *146 not by this court at nisi prius. It cannot be said that the State has met its burden of establishing that defendant should be sentenced as a second felony offender under the provisions of section 70.06 of the Penal Law.

 In United States v Rifen (577 F2d 1111, 1113) a prosecution for making fraudulent claims, the court permitted the jury to infer an intent to defraud from a finding that defendant had submitted a claim with guilty, actual knowledge that it was false.