Burke, J.
Relator, serving a 15-year to life sentence as a fourth felony offender, sued out a writ of habeas corpus to establish that the second of three previous felonies charged against him, being a conviction in Florida, was not shown to have been a felony if committed in New York State. The writ was sustained in that relator was remanded for resentencing as a third felony offender. Upon appeal to the Appellate Division, Third Department, that court affirmed, certifying, however, sua sponte, that a question of law was presented which ought to be reviewed by this court.
Applying the rule of People v. Olah (300 N. Y. 96), we find, under the facts of this case, that the writ was improperly sustained.
The rationale of Olah does not license the courts below, in sentencing recidivists, to disregard the indictment or information upon which a conviction in a sister State is based in determining whether the crime charged therein constitutes a felony in New York. The intent and spirit of the Olah rule require that the courts of New York abstain from considering the surplusage contained in the indictment or information which would spell out a felony under our penal statutes. Only those facts alleged in the indictment or information which are not operative or material under the applicable criminal statute of the foreign jurisdiction are to be discounted in ascertaining whether the crime charged is to be deemed a felony in New York.
The information to which relator pleaded guilty in Florida alleged that he unlawfully and feloniously entered a dwelling in Miami with intent to commit a felony. The Florida statute *246 upon which the information was based makes it felonious (1) to break and enter a building with intent to commit a felony therein, or (2) to break out of - a building having entered with intent to commit a crime therein. (Fla. Stat. Ann., § 810.01.) The statute, therefore, describes two separate, distinct and different criminal acts. The former act, if committed in New York, would, of course, be burglary in the third degree, a felony (Penal Law, § 404); the latter would be the misdemeanor of unlawful entry (Penal Law, § 405).
The operative and material facts then, in the information under consideration, are that relator broke and entered a building with intent to commit a felony therein. There are no allegations that he broke out of a building after having entered with such an intent. Hence, there is no surplusage as to the operative facts which constitute a felony in New York as well as in Florida. It cannot be assumed that relator may have been convicted of the crime which would be a misdemeanor in New York, since no such facts are alleged in the Florida information to which he pleaded guilty.
Accordingly, the order of the Appellate Division should be reversed, and the writ of habeas corpus dismissed.
Chief Judge Conway and Judges Desmond, Dye, Fttld, Froessel and Van Voorhis concur.
Order reversed, etc.