Fuld, J.
Convicted in this State in 1953 of attempting to sell narcotics (Penal Law, § 1751), the relator received a sentence of from 15 years to life imprisonment, as a third felony offender, based upon prior Federal drug convictions (Penal Law, § 1941, subd. 2). In this habeas corpus proceeding, brought some years later, he seeks resentence as a first felony offender, claiming that no one of those earlier crimes would have, constituted a felony had it been committed in this State.
To determine whether a crime committed in another jurisdiction would have been a felony if perpetrated here (Penal Law, § 1941), it is necessary to examine the statute on which the foreign conviction was based. If the statute denominates a single act as a crime, as in People v. Olah (300 N. Y. 96), and guilt could be established by proof of an act not a felony in New York, then, the foreign conviction may not be considered a prior felony. If, on the other hand, the statute renders criminal not a single act but several acts, some of which, if committed in New York, would be felonies and some misdemeanors, as was the case in People ex rel. Gold v. Jackson (5 N Y 2d 243) and People ex rel. Knapp v. Jackson (6 A D 2d 151, motion for leave to appeal denied 5 N Y 2d 707), it is necessary to go beyond the statute and examine as well the indictment filed against the defendant in the foreign jurisdiction. If the indictment charges an act or acts which would necessarily be felonies in this State, the resulting conviction will be considered conviction of a felony *141 under section 1941. (See People ex rel. Gold v. Jackson, 5 N Y 2d 243, supra.) But, if the indictment accuses the defendant of acts, some of which would in New York support a felony charge and others only a charge of misdemeanor, the resulting conviction upon such an indictment, whether based on a jury’s verdict or the defendant’s plea of guilt, may not be regarded as one for a felony.
Applying these principles to the case before us, there can be no doubt that the relator’s previous foreign convictions were of crimes which would not have been felonies here.
In New York, it is solely the sale of narcotics — or their possession with intent to sell—that is denominated a felony (Penal Law, § 1751). But not so under the Federal statutes which formed the predicate for the charges against the relator. The applicable provisions of the United States Code (U. S. Code, tit. 21, §§ 173, 174) make it a crime for any one not only to sell but also to receive or conceal or in any manner facilitate the transportation or concealment of narcotic drugs. In 1938, and again in 1947 and 1948, the relator was charged in the very language of the statutes, not only with selling narcotics, but with receiving and concealing them and with facilitating their transportation.
Had the relator been found guilty upon each of these indictments by a jury after trial, there is no doubt that the consequent conviction would not be counted as a felony in New York. And that is equally true of conviction based upon a plea of guilt, for, as we observed in People v. Olah (300 N. Y. 96, 100, supra), such a plea simply avoids the necessity and expense of a trial and “ a defendant is not to be prejudiced * * * [or] placed in a different or worse position, by entering a guilty plea.”
There is no question or dispute as to these general propositions. The court is in entire agreement that neither the conviction in 1938, entered upon a jury verdict, nor the 1948 conviction, following a plea of guilt, may be treated as a prior felony conviction. The only real issue in the case, and it is this which divides the court, concerns the 1947 conviction and it arises out of the manner in which the clerk of the court 1 ‘ took ’ ’ the relator’s plea in that instance!
The information filed against the relator in 1947, consisting of but a single count, alleged, as already noted, that the relator *142 “ did * * * receive, conceal, sell and facilitate the transportation, concealment and sale of a certain narcotic drug”. Calling the case, the court clerk proceeded to take the plea. After stating that the information £ £ charges you with an unlawful sale ” — a statement which, if taken literally, was a manifestly incorrect description of the information’s contents — the clerk inquired, ££ Do you plead guilty or not guilty? ”, and the relator answered 1 £ Guilty ’ ’. It is on the strength of the fact that in this colloquy the relator pleaded guilty only to £ ‘ selling ’ ’ that the courts below held that he must be stamped a prior felony offender.
This is basically wrong. When a defendant pleads guilty, he pleads to an indictment (or information) or to a count thereof, not to a part of the one or the other and, certainly, not to that portion which the clerk, for some reason or other, happens to mention in describing the indictment. In this case, it is abundantly clear that nothing turned on whether the relator concealed or transported or sold narcotics; the punishment to which he was subject was precisely the same whether he was guilty of all these activities or any one of them. The clerk’s recital that the information ££ charges ” an<£ unlawful sale ” was, therefore, legally irrelevant, either plainly erroneous or else simply a shorthand method of describing the detailed allegations of the information. Accordingly, the relator’s plea must be viewed as a plea not to the act of selling alone, but to the charge of concealing, selling and facilitating the transportation of narcotics. In other words, the ££ crime” of which the relator was convicted was that specified in the statute and described in the information, and not that described by the clerk in taking the plea or in later recording it. Any other result represents a sharp departure from normal and accepted principles of criminal pleading.
Since, then, the relator had been charged in the several Federal indictments with the receipt, possession and concealment of narcotics and with facilitating their transportation and concealment, as well as with their sale, and since he could have been convicted upon each of those indictments, even though he had not been guilty of selling (see Bruno v. United States, 164 F. 2d 693, cert. denied 333 U. S. 832; Velasquez v. United States, 244 F. 2d 416, 420; Torres Martinez v. United States, 220 F. 2d 740, *143 743; see, also, Gore v. United States, 357 U. S. 386, affg. 244 F. 2d 763), no one of his convictions may serve as a basis for section 1941 treatment. Although the relator has a most unenviable record, the rules stated above, like all other rules, have been laid down for application in cases involving the worst, as well as the best, of men.
The order of the Appellate Division should be reversed and the relator remanded to the County Court of Kings County for resentence as a first felony offender.