OPINION OF THE COURT
Simons, J.
Defendant has been sentenced as a second felony offender by Supreme Court, Westchester County. The sentence is predicated upon a prior Florida judgment, entered *588 after a jury trial on a 10-count amended information, in which the jury convicted defendant of lesser included offenses. Defendant contends that the Florida convictions do not satisfy the New York tests for predicate felonies and he seeks resentence as a first offender.
On September 23,1981, defendant pleaded guilty in New York to a criminal sale of a controlled substance (Penal Law, § 220.39), a class B felony, in full satisfaction of a multicount indictment charging him with other narcotic offenses. Prior to sentencing, the People lodged a predicate felony statement against him. Attached to it was the Florida amended information, dated May 7,1976, charging defendant and two others with the crimes of attempted robbery (counts 1 and 2); aggravated assault (counts 3, 4, 7 and 8); aggravated battery (counts 5, 6 and 10) and shooting into an occupied building (count 9). Following a jury trial on the charges defendant was found guilty of two counts of aggravated assault as lesser included offenses of attempted robbery, aggravated assault without a firearm as a lesser included offense of the aggravated assault as charged in count 7 and aggravated assault as charged in count 8.
After reviewing the judgment and the accusatory instrument Supreme Court concluded that defendant’s convictions under counts 1 and 2 of the Florida information constituted predicate felony convictions within the meaning of section 70.06 (subd 1, par [b], cl [i]) of the New York Penal Law and sentenced him as a second felony offender to an indeterminate term of imprisonment of 4V2 to 9 years. It reasoned that the offense of aggravated assault as alleged in those counts corresponded to the New York felony of attempted robbery in the third degree (see Penal Law, § 160.05). The court viewed the remaining two counts of aggravated assault as New York misdemeanors. The Appellate Division affirmed, without opinion.
There should be a reversal. It cannot be determined by a comparison of the relevant statutes of the two States or from an examination of the Florida accusatory instrument whether the Florida jury, in convicting defendant of aggravated assault as lesser included offenses of attempted *589 robbery, found that defendant had committed acts which would constitute a felony in New York.
For purposes of sentencing, a prior out-of-State conviction is a predicate felony conviction in New York when the foreign conviction carries with it a sentence of imprisonment in excess of one year and a sentence in excess of one year is also authorized for the offense in this State (Penal Law, § 70.06, subd 1, par [b], cl [i]).[1] Because New York only permits terms of imprisonment in excess of one year for felony convictions, the statute requires that the conviction be for a crime whose elements are equivalent to those of a New York felony. To determine whether a foreign crime is equivalent to a New York felony the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony, for “[i]t is the statute upon which the indictment was drawn that necessarily defines and measures the crime” (see People v Olah, 300 NY 96, 98). The crime cannot be extended or enlarged by allegations in the indictment or by referring to evidence at trial.
Applying this standard, the sentencing court found that the elements of the Florida crime of aggravated assault corresponded with the New York felony of attempted robbery in the third degree. A review of the statutes defining the lesser included offenses of which defendant was convicted does not support its conclusion.
Section 784.021 of the Florida Statutes Annotated defines the crime of aggravated assault, which is a simple misdemeanor assault and then elevates it to a felony if committed: (a) with a deadly weapon without intent to kill; or (b) with an intent to commit a felony.[2] Aggravated *590 assault involving a “deadly weapon” as set forth in the first subdivision is not equivalent to a New York weapon possession felony because our Penal Law requires the possession of a “loaded firearm” (Penal Law, § 265.02, subd [4]), whereas the Florida crime involving “a deadly weapon” does not (Fla Stats Ann, § 790.001, subd [13]). Nor, as the sentencing court found, is aggravated assault with a “deadly weapon” equivalent to other analogous New York felonies. It is not equivalent to the felony of assault in New York (Penal Law, §§ 120.05, 120.10) because the Penal Law requires the additional element of “physical injury” or “serious physical injury” (Penal Law, §§ 120.00, 120.05, 120.10) and it does not correspond to “attempted assault” because that felony requires an “intent” to cause physical injury or serious physical injury (Penal Law, § 110.00). Therefore aggravated assault with a deadly weapon as defined in subdivision (a) of the Florida statute cannot serve as the basis for a predicate felony conviction in defendant’s case.
The second category of the Florida statute, aggravated assault with intent to commit a felony, may be equivalent to the New York felony of robbery or attempted robbery, and therefore a predicate felony conviction, if the felony referred to in the statute corresponds to the forcible taking of property from the victim’s person (compare Penal Law, § 160.00). The sentencing court and the Appellate Division evidently assumed that this was the case. In doing so, the sentencing court relied not only upon the statute which defined the crimes of which defendant was convicted, as Olah directs (People v Olah, 300 NY 96, supra), but also the accusatory instrument defining the crime with which he was charged. Noting that the amended information charged robbery, the court decided the conviction was for aggravated assault with the intent to commit the felony of robbery.
As an exception to the Olah rule we have permitted a sentencing court to go beyond the statute and scrutinize the accusatory instrument in the foreign jurisdiction where the statute renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemean *591 ors (see People ex rel. Goldman v Denno, 9 NY2d 138, 140; People ex rel. Gold v Jackson, 5 NY2d 243). Thus, in Jackson, defendant was charged with violating a statute which defined the offense by means of two separate and unrelated acts — breaking into a building with intent to commit a felony or breaking out of a building having entered with intent to commit a felony. The act of breaking in constituted a felony under New York law whereas the act of breaking out was a misdemeanor. Similarly, in Denno, defendant pleaded guilty to a Federal indictment, charging the violation of a statute which proscribed acts which in some instances constituted felonious conduct under New York law and in others did not. In doing so, defendant admitted the commission of an act constituting a felony (drug sale) and neither admitted nor denied the acts which were not felonies (drug possession, transportation, etc.). The judgment entered referred to defendant’s unlawful sale of drugs. Because the accusatory instrument clarified the charge in Jackson as breaking in, a New York felony, the conviction was counted as a predicate felony; because the accusatory instrument did not clarify the crime in Denno, the conviction could not be counted, notwithstanding defendant’s inculpating statement at the plea taking that he had sold drugs and the similar description of the crime in the judgment. The teaching of these cases is that the allegations of the accusatory instrument may be referred to when necessary to clarify the statutory charge, to limit or narrow the basis for the conviction, but they may not be used to enlarge or expand the crime charged.
This case is similar to Denno and Jackson because the statute of which defendant stands convicted is so broad that it proscribes conduct which in New York could be either a felony or a misdemeanor. It differs from those cases because the nature of the offense cannot be resolved by referring to the accusatory instrument. That is so because defendant was not convicted of the offenses stated in the information but rather of lesser included offenses, because the allegations of the information could support a finding of either assault with a deadly weapon or assault with intent to commit a felony, and because neither of the *592 crimes defined in those two aggravated assault subdivisions sets forth elements which we may determine are the equivalent of a New York felony. Thus on this record it is not possible to resolve which facts alleged in the information were accepted by the jury and which were “nonoperative” (see People v Olah, 300 NY 96, supra). The jury could have found that defendant had committed aggravated assault either with a “deadly weapon” or with intent to commit a felony. If it found the latter we are still left without any basis upon which to determine what the felonious acts were and whether they constitute a felony in New York. Absent a review of the court’s instructions there is no way of knowing which theory of the crime the jury accepted (cf. People v Tucker, 55 NY2d 1) and the sentencing court should not have filled that, void by referring to the language of the original information.
Moreover, we have no assurance that Florida’s rule governing lesser included offenses is the same as our “theoretical impossibility” test (see People v Green, 56 NY2d 427, 430; see, also, CPL 1.20, subd 37; People v Glover, 57 NY2d 61). Indeed, it appears that its test is considerably more flexible and permits a charge down to a crime “which may or may not be included in the [greater] offense charged, depending upon, (a) the accusatory pleading, and (b) the evidence” (Brown v State, 206 So 2d 377, 383 [Fla], mod Matter of Use by Trial Cts. of Std. Jury Instructions in Crim. Cases, 431 So 2d 594, 596-597 [Fla]; see, also, State v Anderson, 270 So 2d 353 [Fla]).
The statutory test for enhanced sentences is prescribed by the Legislature and our rules for implementing it have been settled for many years. The responsibility rests upon the prosecution to satisfy these requirements if it seeks additional punishment. If it is unable to do so because the record of the foreign conviction does not resolve the questions which must be answered before second offender status may be granted under New York law, then the court’s analysis is at an end and enhanced sentencing must be denied. There can be no resort to other parts of the record to fill the gaps (People v Olah, supra).
Accordingly, the order of the Appellate Division should be reversed and the case remitted to Supreme Court, *593 Westchester County, for resentencing of defendant as a first felony offender.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur.
Order reversed and case remitted to Supreme Court, Westchester County, for resentencing of defendant in accordance with the opinion herein.

. Section 70.06 of the Penal Law provides in pertinent part:
“1. Definition of second felony offender.
* * *
“(b) For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply:
“(i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed”.

. Section 784.011 of the Florida Statutes Annotated defines an assault as “* * * an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.”