THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
BILLY HAYNES, Appellant.

Third Department, July 19, 1984

APPEARANCES OF COUNSEL

*Lisa Feldman Reich* for appellant.

*Sol Greenberg, District Attorney (Ilene R. Bergman* of counsel), for respondent.

OPINION OF THE COURT

MAIN, J.

Defendant pleaded guilty to a reduced count of attempted criminal possession of a forged instrument in the second degree in full satisfaction of his indictment. Predicated upon a prior Ohio conviction for carrying concealed weapons (Ohio Rev Code Ann, § 2923.12), defendant was sentenced as a second felony offender to an indeterminate term of incarceration of one and one-half to three years. On this appeal, defendant challenges County Court's determination that he be sentenced as a second felony offender. Defendant argues that the Ohio statute under which he was convicted is so broad that it proscribes conduct which in New York could be a felony or the class A misdemeanor of criminal possession of a weapon in the fourth degree under subdivision (4) of section 265.01 of the Penal Law. Defendant contends that because the nature of the prior offense cannot be determined from the record of the foreign conviction, it is unclear whether the elements of the Ohio crime correspond to a New York felony and, thus, that

County Court erred in using the Ohio conviction as the basis for second felony offender status.

Initially, we note that the record does not include either the predicate felony statement offered by the People, the record of judgment for the Ohio conviction or the accusatory instrument from the Ohio conviction, and our review is limited accordingly. With such limitations, we are prevented from analyzing the elements underlying the Ohio conviction and comparing them to New York crimes. With these facts prevailing, the recent decision by the Court of Appeals in *People v Gonzalez* (61 NY2d 586) seems to support defendant's position.

However, assuming that defendant is correct about the possibility of the Ohio conviction being equivalent to a New York misdemeanor, defendant overlooks the fact that at his sentencing hearing both he and his attorney admitted that the Ohio offense was equivalent to the class D felony of criminal possession of a weapon in the third degree under subdivision (1) of section 265.02 of the Penal Law of New York. By admitting that the prior offense could serve as a predicate felony for sentencing purposes, defendant has waived his opportunity to challenge his status as a second felony offender (CPL 400.21, subds 3, 4; *People v Hewitt,* 97 AD2d 828). Accordingly, we deem these admissions sufficient to overcome the deficiencies which were held by the Court of Appeals in *Gonzalez (supra)* to prevent second felony offender status from being imposed. Defendant and his attorney can be presumed to be familiar with the elements of the crime which comprise the prior offense, and the attorney is competent to evaluate whether these elements correspond to a New York felony so as to satisfy the statutory test for enhanced sentencing as a predicate offender (see Penal Law, § 70.06, subd 1, par [b], cl [i]; *People v Gonzalez, supra*). Furthermore, the admission can be considered reliable because of the knowledge defendant and his attorney had of the adverse consequences with regard to the sentence which would result. Thus, we are of the view that where a defendant and his counsel admit that an out-of-State offense is equivalent to a New York felony, the out-of-State offense can be used as a predicate felony conviction notwithstanding the inability

to determine from the record of the foreign conviction, including the accusatory instrument, whether the elements of the former offense correspond to a New York felony. We express no view as to whether such an admission by a defendant absent an evaluation and admission by his attorney can be so used.

We also reject defendant's contention that his sentence requires modification, inasmuch as the sentence was in accordance with a plea agreement, was less than the maximum which might have been imposed and was justified in light of defendant's extensive record.

The judgment should be affirmed.

MAHONEY, P. J., CASEY, WEISS and MIKOLL, JJ., concur.

Judgment affirmed.