■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK NIKOL, Appellant.—Appeals by the defendant from (1) a judgment of the County Court, Nassau County (Harrington, J.), rendered November 29, 1984, convicting him under indictment No. 57345 of criminal possession of a forged instrument in the second degree (75 counts), and grand larceny in the second degree, upon a jury verdict, and imposing sentence as a second felony offender, and (2) a judgment of the same court, rendered May 21, 1985, convicting him under indictment No. 59596 of attempted insurance fraud in the first degree, upon his plea of guilty, and imposing sentence as a second felony offender. The appeal under indictment No. 57345 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought the suppression of physical evidence.

Judgments affirmed.

The defendant's conviction of 75 counts of criminal possession of a forged instrument in the second degree arose from his engaging in what is known as a "white plastic" scheme during the period from about January 1983 through the early part of February 1983, employing counterfeit credit cards embossed with the names, account numbers and expiration dates from legitimate credit cards to prepare fraudulent credit card slips for payment. The defendant, who was the sole owner of Marco Polo Warehouse Store, a wholesale and retail men's clothing store, obtained a merchant's Visa and Mastercard credit card account with European American Bank where he deposited the fraudulent slips for payment and made withdrawals of money. At trial, the prosecution presented testimony from nine credit cardholders who said that they did not make the purchases charged to them and had never been in the defendant's store. They also stated that their credit cards had always been in their possession and

that the signatures on the credit card slips were not theirs. A stipulation was also submitted into evidence that the testimony of cardholders named in 40 additional sales slips would be the same as those who appeared at trial. The prosecution also presented the testimony of other witnesses, including an expert who examined all of the subject credit card slips which he stated revealed imprints from counterfeit "white plastic" cards.

The defendant challenges his conviction under indictment No. 57345 on several grounds, including a complaint that the trial court erred in its determination, after a hearing, that his consent after his arrest to a search of his business premises was voluntary. Viewing the totality of the circumstances concerning the defendant's consent to the search within the guidelines set forth by the Court of Appeals in *People v Gonzalez* (39 NY2d 122), we find that the People met their heavy burden of proving the defendant's consent to the search of his store *(see, People v Zimmerman,* 101 AD2d 294).

We also find no merit to the defendant's contention that his 6th Amendment right to counsel and due process right to a fair trial were irreparably violated by the surreptitious tape recordings of his conversations with an undercover officer after his arrest and retention of counsel. The People did not use any statements made by the defendant during these conversations in the trial of this case. The defendant's reliance on *Massiah v United States* (377 US 201) is misplaced. The trial court reviewed the transcript of the tapes in camera and, as stated by the prosecution, the undercover officer who spoke with the defendant was involved in an investigation of criminal activity wholly unrelated to this case. Contrary to the defendant's assertions, there is no evidence in the record to indicate that prosecutorial agents were used to elicit admissions from the defendant concerning the charges for which he was already indicted *(see, People v Farruggia,* 61 NY2d 775; *People v Ferrara,* 54 NY2d 498).

Although the evidence was largely circumstantial, we also conclude that the People met their burden of demonstrating that the evidence was such as to exclude any reasonable hypothesis other than the defendant's guilt of all of the charges *(see, People v Way,* 59 NY2d 361; *People v Cleague,* 22 NY2d 363). With respect to counts Nos. 41 to 75, charging criminal possession of a forged instrument in the second degree, there was sufficient proof to establish that the defendant was in possession of a forged instrument in that evidence was adduced that credit card slips were produced through the

use of a counterfeit credit card, that such slips contained the handwriting of the defendant, and that these credit slips were presented by him for credit.

With respect to the defendant's contention on both appeals that the court erred in its determination that he was a second felony offender, we concur with the court's conclusion that the defendant's prior Federal conviction of dealing in counterfeit obligations or securities under 18 USC § 473 is a proper predicate felony because the necessary elements, including the requisite intent, are analogous to the elements of the class C felony of criminal possession of a forged instrument in the first degree (see, Penal Law § 170.30; *People v Gonzalez,* 61 NY2d 586; *People v Dales,* 285 App Div 214, *affd* 309 NY 97).

We have considered the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.