OPINION OF THE COURT
Vincent E. Doyle, J.
The defendant, Timothy L. Scaife, has been indicted in an *461 eight-count indictment charging rape in the first degree, two counts; sodomy in the first degree; sexual abuse in the first degree; unlawful possession of marihuana; robbery in the second degree; robbery in the third degree; and assault in the third degree. On May 20, 1986, said defendant pleaded guilty to count four of the indictment, sexual abuse in the first degree, a felony, in violation of Penal Law § 130.65 (1). This plea was in full satisfaction of the indictment. The defendant has been previously convicted of the crime of rape before a general court-martial at Fort Polk in the State of Louisiana on February 18, 1981 and was sentenced to three years’ confinement at hard labor, reduction to E-l, forfeiture of all pay and allowances and a dishonorable discharge.
Pursuant to CPL 400.21, a statement was filed by the People dated June 25, 1986, relative to defendant’s second felony offender status for purposes of sentencing. The hearing concerning this matter was brought before this court on September 16, 1986, at which time the defense challenged the People’s position that defendant’s prior conviction serves as a predicate felony conviction for purposes of sentencing on the present conviction.
To be designated as a predicate felony an out-of-State conviction must have been made for an offense "for which a sentence to a term of imprisonment in excess of one year * * * was authorized and is authorized in this state irrespective of whether such sentence was imposed” (Penal Law § 70.06 [1] [b] [i]). Thus, New York Penal Law § 70.06 provides that the seriousness of a crime should be determined by the severity of the sentence which was authorized in this State for the crime and not by the sentence actually imposed in the foreign jurisdiction. Further, because New York only permits terms of imprisonment in excess of one year for felony convictions, the statute requires that the conviction be for a crime whose elements are equivalent to those of a New York felony. To determine whether an out-of-State conviction is cognizable as a felony in New York, the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony for it is the statute upon which the indictment was drawn that necessarily defines and measures the crime (see, People v Olah, 300 NY 96). Moreover, the crime cannot be extended or enlarged by allegations in the indictment or by referring to evidence at trial (see, People v Gonzalez, 61 NY2d 586). Applying this standard to the present case requires a comparison of the elements of rape under the *462 General Military Law with the elements of rape under the New York State Penal Law.
The statute under which defendant was convicted (General Military Law [10 USC] §920 [a]) provides: "(a) any person * * * who commits an act of sexual intercourse with a female not his wife, by force and without her consent, is guilty of rape and shall be punished by death or such other punishment as a court-martial may direct.” It should be noted here, that the use of prior court-martial convictions to impose enhanced sentences upon convicted felons has long been recognized as permissible in New York (see, People v Benjamin, 22 NY2d 723). Rape is defined in New York Penal Law § 130.35 as follows: "A male is guilty of rape in the first degree when he engages in sexual intercourse with a female: 1. [b]y forcible compulsion”. Further, Penal Law §130.00 (8) defines "[f]orcible compulsion” to mean "to compel by either: a. use of a physical force; or b. a threat, express or implied, which places a person in fear of immediate death or physical injury to himself’.
The elements of the out-of-State statute comprising rape (General Military Law § 920 [a]) were construed by the United States Air Force Court of Military Review in a recent case (United States v DeJonge, 16 MJ 974 [1983]) where the defendant was found guilty of rape for repeated acts of sexual intercourse with his daughter, first, when she was 11 years of age and continuing beyond her 17th birthday. Significantly, that court found the father had exerted "constructive force” on his daughter "where the sexual intercourse is accomplished under the compulsion of long continued parental duress” (supra, p 976). "Constructive force” has not been construed in New York State to mean the same thing as "forcible compulsion”. It is not equivalent to the felony of rape in the New York Penal Law §§ 130.35, 130.00 (8) because the Penal Law requires the additional elements of the use of physical force or threats, express or implied, which places the victim in fear of immediate death or physical injury to herself. Therefore, conviction of rape on the basis of "constructive force” as defined by United States v DeJonge (supra) cannot serve as the basis for a predicate felony conviction of the defendant in this case (see, People v Martin, 81 AD2d 765; People v Gonzalez, supra).
The burden rests upon the prosecution to satisfy the New York statutory tests for enhanced sentencing. If it is unable to do so because the foreign conviction does not resolve the *463 questions which must be answered before second felony offender status may be granted under New York law, as here, enhanced sentencing must be denied.