■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCHIE RHYNE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Plumadore, J.), rendered September 26, 1984, convicting him of criminal possession of stolen property in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that he was improperly

adjudicated a predicate felony offender based upon his Federal conviction, in 1975, for the crime of interstate transportation of forged securities under 18 USC § 2314. We disagree.

In *People v Gonzalez* (61 NY2d 586, 589), the Court of Appeals declared that in order "[t]o determine whether a foreign crime is equivalent to a New York felony the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony, for '[i]t is the statute upon which the indictment was drawn that necessarily defines and measures the crime' (see *People v Olah,* 300 NY 96, 98)".

We find, contrary to the defendant's contentions, that the elements of the Federal statute under which he pleaded guilty are analogous to the New York felony of criminal possession of a forged instrument in the second degree (Penal Law § 170.25), for purposes of determining the defendant's status as a predicate felon.

Accordingly, since the proscribed activity engaged in by the defendant, to wit, transporting forged securities in interstate commerce, would have constituted a felony had the conduct occurred exclusively in New York State, the sentencing court properly adjudicated him a predicate felony offender.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.