Bellacosa, J.
(dissenting). I respectfully tender a different analysis of this case which would warrant an affirmance of the conviction with its second felony offender sentence, based on defendant’s guilty plea to attempted burglary, second degree. *472 A New Jersey burglary conviction — unlawful entry with intent to commit theft — constituted the felony predicate for defendant’s now-challenged New York enhanced sentence.
Step one of the process to determine whether a crime committed in another jurisdiction would have been a felony if perpetrated here requires examination of the foreign statute (Penal Law § 70.06 [1] [b] [i]; People v Olah, 300 NY 96 [1949]). If the statute proscribes one act, the inquiry ends. If, however, the statute proscribes more than one act, one or more of which if committed in New York would be felonies but others misdemeanors, then a second step is necessitated: examination of the foreign accusatory instrument (People ex rel. Goldman v Denno, 9 NY2d 138, 140-141 [1961] [opn by Fuld, J., also the author of People v Olah, supra]; People ex rel. Gold v Jackson, 5 NY2d 243, 245 [1959]). If that indictment and ensuing conviction involve even one act which would be a felony in this State, a predicate felony satisfying Penal Law § 70.06 is established.
Putting the instant case through those statutory and precedential hoops proves conclusively that defendant’s previous New Jersey conviction was for a crime which would have been a felony in New York. This case, therefore, falls squarely within Denno (supra) and Jackson (supra) because the New Jersey burglary statute under which defendant was convicted proscribes several acts, some of which if committed in New York could be a felony or a misdemeanor, and which in the particular case constituted the equivalent of the New York felony of burglary in the third degree.
The New Jersey statute provided in pertinent part that "[a] person is guilty of burglary if [he unlawfully enters or remains] with purpose to commit an offense therein” (NJ Stat Annot § 2C:18-2 [emphasis added]). The "offense” part can be fulfilled in a number of ways including, as specifically charged in this case, theft. Correspondingly in New York, a person who unlawfully enters or remains in a structure with intent to commit a crime (defined as a misdemeanor or a felony) is guilty of a burglary felony (Penal Law § 140.20). The New Jersey burglary statute necessarily embraces several acts which, depending on the generic "offense” intended to be committed within the structure, clearly qualify as a defined "crime” under New York law and therefore rank as the equivalent burglary felony. That feature compels us to continue our quest beyond just the New Jersey statute and *473 further into the accusatory instrument, because that is the only way to determine what act, among the several generically proscribed, served as the basis for defendant’s conviction. Only then can it be known in this particular case if the out-of-State conviction qualifies for New York sentence enhancement (People ex rel. Goldman v Denno, 9 NY2d, supra, at 140-141; People ex rel. Gold v Jackson, 5 NY2d, supra, at 244-245). We are not, therefore, rummaging through surplus-age in the indictment, as People v Olah (supra) forbids us to do, but rather searching for the essence of the out-of-State conviction, as the subsequent cases direct us to do.
The Burlington County, New Jersey, accusatory instrument at issue in this case reveals that defendant burglarized a dwelling "with intent to commit a theft” (count 1) by actually stealing "property valued at over $500” (count 2). In New York, theft constitutes at the very least a misdemeanor (Penal Law § 155.25). Thus, the "theft” species of the generic "offense” culpable mental state element in the New Jersey statute, coupled with the predicate illegal entry, unquestionably qualifies as a felony for New York enhanced sentencing purposes (Penal Law §§ 140.20, 70.06). That should seal the case for the enhanced sentence imposed here under our controlling and most recent guideposts.
Defendant, however, would shackle our analysis to the one word "offense” in the New Jersey statute and forbid us from looking beyond to the accusatory instrument itself. But under our cases that is an incomplete process. Reverting and stopping solely at the elemental Olah (300 NY 96, supra) proposition would undercut the subsequent building blocks of realistic flexibility which Jackson and Denno engrafted on Olah. Indeed, in People v Gonzalez (61 NY2d 586, 589), we dealt with a Florida statute defining an assault committed with intent to commit a felony, which could equal the New York felony of robbery or attempted robbery if the culpable mental state felony corresponded to the forcible theft of property from the victim’s person (compare, Penal Law § 160.00). We expressly noted in Gonzalez that it was "similar to Denno and Jackson because the statute of which defendant stands convicted is so broad that it proscribes conduct which in New York could be either a felony or a misdemeanor.” (Supra, at 591 [emphasis added].) That is the same as the "offense” breadth in the pertinent New Jersey statute. Thus, we scrutinized the indictment in Gonzalez to determine what the felonious acts were and whether they constituted a felony in New York (id., at *474 589-590). The result was ultimately inconclusive because, after reviewing the accusatory instrument, we were unable to discern which act defendant had committed inasmuch as the jury convicted him of a lesser included count, not one charged in the indictment (id., at 591-592). Here, we know because defendant’s conviction was for the burglary as charged, i.e., "with intent to commit a theft” in a dwelling. The point, therefore, is that the test used in Gonzalez is precisely the one applicable to the instant case where the record unequivocally reveals the particular and distinct act underlying defendant’s violation of New Jersey’s equivalent felony statute — the "offense” of "theft”. The majority interpretation of our precedents, it seems to me at least, not only undercuts Gonzalez but then tries simultaneously to impute to my harmonization of the precedents an overruling effect on Olah by Gonzalez. I do not intend that consequence and it is not necessary to my analysis or result.
The lower courts correctly imposed a second felony offender sentence, which should be upheld.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Hancock, Jr., concur with Judge Titone; Judge Bellacosa dissents and votes to affirm in a separate opinion.
Order, insofar as appealed from, reversed, etc.