■ The People of the State of New York, Respondent, v Nicholas Cornell Sair, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered November 13, 1989, convicting him of attempted criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed and the adjudication that the defendant is a second felony offender; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for resentencing as a first felony offender.

The defendant raises on appeal the issue of whether he was properly sentenced as a second felony offender *(see,* Penal Law § 70.06 [1]; CPL 400.21 [7] [a]). The defendant had previously been convicted in Florida, upon his plea of guilty to an information which charged that he "did unlawfully escape or attempt to escape from confinement" contrary to Florida Statutes § 944.40, which provides that "[a]ny prisoner confined in any prison who escapes or attempts to escape from such

confinement shall be guilty of a felony of the second degree". It is well settled that, when considering whether an out-of-state felony conviction may be a predicate felony for the purposes of Penal Law § 70.06 (1), the primary focus of the sentencing court's inquiry is the definition of the crime in the out-of-state statute as compared with the definition of the comparable crime or crimes in the New York Penal Law *(see, People v Muniz,* 74 NY2d 464, 467-468; *People v Gonzalez,* 61 NY2d 586, 589-590; *People ex rel. Goldman v Denno,* 9 NY2d 138, 142; *People v Olah,* 300 NY 96, 98). However, as an exception, resort to the recitals contained in the accusatory instrument is permitted "where the foreign statute under which the defendant was convicted renders criminal several different acts, some of which would constitute felonies and others of which would constitute only misdemeanors if committed in New York" *(People v Muniz, supra,* at 468; *People v Gonzalez, supra,* at 59; *People ex rel. Goldman v Denno, supra,* at 140-141). However, the Court of Appeals has made it clear that, "[w]hen a defendant pleads guilty, he pleads to an indictment (or information) or to a count thereof, not to a part of the one or the other" *(People ex rel. Goldman v Denno, supra,* at 142).

In the case at bar, the Florida information charged that the defendant "did unlawfully escape or attempt to escape". We also note that, when pleading guilty to that crime in Florida, the defendant stated that he "unlawfully escape[d] or attempt[ed] to escape from confinement". In New York the offense of escape in the second degree (escape from a detention facility) is a felony whereas attempted escape in the second degree is a misdemeanor *(see,* Penal Law § 110.05 [7]; § 205.10). Since the Florida accusatory instrument did not state whether the defendant merely attempted to escape or actually did escape, the court erred in adjudicating the defendant a second felony offender based upon his conviction upon his plea of guilty to the Florida accusatory instrument. We therefore vacate the sentence imposed and the defendant's adjudication as a second felony offender, and remit the case to the Supreme Court, Suffolk County, for resentencing as first felony offender.

We have considered the People's remaining contention and find it to be without merit. Thompson, J. P., Kunzeman, Eiber and Rosenblatt, JJ., concur.