THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MARLON BUTLER, Appellant.

Fourth Department, July 12, 1991

**APPEARANCES OF COUNSEL**

*Edward J. Nowak (Stephen Bird* of counsel), for appellant.

*Howard R. Relin, District Attorney (Robert Mastrocola* of counsel), for respondent.

**OPINION OF THE COURT**

BOOMER, J.

Defendant was convicted of grand larceny in the fourth degree for shoplifting. On appeal, defendant raises several issues, some of which were not preserved for appellate review and others which, we determine, lack merit.

Defendant first contends that his conviction should be reversed because he was not present when the court discussed the *Sandoval* issue *(see, People v Sandoval,* 34 NY2d 371) in chambers with counsel. By failing to object to the in-chambers conference at the time the court spread its rulings on the record, defendant has not preserved the issue for appellate review *(People v Wynn,* — AD2d — [decided herewith]; *People v Howard,* 167 AD2d 922; *People v Dunlap,* 161 AD2d 1114).

Defendant failed to preserve for review his contention that a police witness improperly bolstered the identification testimony of an eyewitness. He also failed to preserve for review the alleged errors in the court's charge. In view of the overwhelming proof of defendant's guilt, we decline to reach those issues in the interest of justice.

■ The showup, conducted close in time and place to the commission of the crime, was not impermissibly suggestive *(see, People v Love,* 57 NY2d 1023). We reject defendant's contention that the showup was improper because it was held at the security office of the mall where the theft occurred. The private security office was not the equivalent of a police station.

Requiring more extensive comment is defendant's contention that he should not have been sentenced as a second felony offender because the predicate felony conviction for burglary in Ohio was not the equivalent of a felony in New York State.

In 1984, defendant was convicted in the State of Ohio for breaking and entering (Ohio Rev Code § 2911.13). Under the Ohio statute, that crime, a felony, is defined as follows: "A. No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony."

The equivalent New York felony, burglary in the third degree, is defined as follows (Penal Law § 140.20): "A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." Building is defined by Penal Law § 140.00 (2): " 'Building,' in addition to its ordinary meaning, includes any structure, vehicle or watercraft used for overnight lodging of persons, or used by persons for carrying on business therein, or used as an elementary or secondary school, or an inclosed motor truck, or an inclosed motor truck trailer."

As defendant points out, the Ohio statute does not define an "unoccupied structure". One Ohio court, however, using the statutory definition of "occupied structure", defined an "unoccupied structure" as " '[a]ny house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, *or any portion thereof*' " *(State v Shears,* 47 Ohio Misc 27, 28-29, 74 Ohio Op 2d 182, 184, 352 NE2d 660, 662 [Ct Common Pleas, Montgomery County 1975] [emphasis added]). Thus, defendant argues that the Ohio statute is broader than the New York Statute because it includes entry into a private aircraft whereas, under the New York law, breaking into a private aircraft would not constitute burglary. Moreover, he contends, the Ohio law encompasses breaking into a railroad

car, whereas it is doubtful that the New York statute includes a railroad car not linked to an engine.

Should the argument of defendant be adopted, it would be difficult, if not impossible, to use a conviction for burglary in another State as a predicate felony in New York. The definition of burglary in most States contains the same basic elements, breaking and entering or unlawful entry, with the intent to commit a crime therein. But the definition of the place of entry varies from the use of the words "building" and "structure" to "unoccupied structure", and most statutes give a definition of "building" or "structure" that contains a list of specific places (see, American Law Institute, Model Penal Code and Commentaries, part II, § 221.1, comment 1 [1980]). Moreover, in construing the words "building" or "structure", various State courts have reached different results in determining whether a particular place qualifies as a "building" or "structure" (see, Annotation, *What is "Building" or "House" Within Burglary or Breaking and Entering Statute*, 68 ALR4th 425). Since it is conceivable that a court in another State may construe the word "building" more broadly in a particular instance than the New York courts, a conviction under that statute for entry in a particular place may not qualify as a felony in New York.

■ Where a burglary statute specifically defines the places of entry, the court must look to the indictment to determine what specific place the defendant was accused and convicted of entering. For instance, Idaho Code § 18-1401 provides: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, closed vehicle, closed trailer, airplane or railroad car, with intent to commit any theft or any felony, is guilty of burglary." (See, American Law Institute, Model Penal Code and Commentaries, part II, § 221.1, at 62). In California, mines are specifically included in the list (see, California Penal Code § 459; *Statutory Burglary—the Magic of Four Walls and a Roof*, 100 U Pa L Rev 411, 417). Thus, where defendant has been convicted of burglary in Idaho and California, in determining whether he is a second felony offender, we must look to the accusatory instrument to see if defendant was convicted of unlawful entry of a vehicle, airplane, or mine. Such a conviction would not qualify as a commission of burglary under the New York statute, which does not include in its definition of "building" an airplane,

mine, or a vehicle or watercraft that is not used for lodging of persons or for carrying out business therein.

Defendant, citing *People v Gonzalez* (61 NY2d 586), contends that we must look only to the elements of the foreign crime as defined by the statute and not to the accusatory instrument in comparing it with the most equivalent New York crime.

In *Gonzalez (supra,* at 589), the Court of Appeals said: "To determine whether a foreign crime is equivalent to a New York felony the court *must examine the elements of the foreign statute and compare them to an analogous Penal Law felony,* for '[i]t is the statute upon which the indictment was drawn that necessarily defines and measures the crime' (see *People v Olah,* 300 NY 96, 98). The crime cannot be extended or enlarged by allegations in the indictment or by referring to evidence at trial" (emphasis added).

In *People v Olah* (300 NY 96), the Court of Appeals held that it was improper for the sentencing court to look at the New Jersey indictment to determine whether the acts committed by defendant constituted a felony in New York. The New Jersey larceny statute made it a felony to steal property or money having a value of or above $20. The New York statute defining larceny as a felony required that the value of the property or money stolen be more than $100. The New Jersey indictment charged defendant with having stolen a watch and a wallet containing $200, "all of the value over $20." The court concluded that "the operative facts which constitute the criminal offense as defined by the statute, cannot be extended or enlarged by allegations in the indictment or by evidence at the trial" *(People v Olah, supra,* at 99).

The quotation from *Gonzalez (supra)* states the general rule, which was established in *People v Olah (supra). Gonzalez (supra,* at 590-591), also states the exception: "As an exception to the *Olah* rule we have permitted a sentencing court to go beyond the statute and scrutinize the accusatory instrument in the foreign jurisdiction where the statute renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors (see *People ex rel. Goldman v Denno,* 9 NY2d 138, 140; *People ex rel. Gold v Jackson,* 5 NY2d 243). * * * The teaching of these cases is that the allegations of the accusatory instrument may be referred to *when necessary to clarify the statutory charge, to limit or narrow the basis for the conviction, but they may not be used to enlarge or expand the crime charged"* (emphasis added).

Here, the sentencing court properly referred to the accusatory instrument to clarify the charge, to limit and narrow the basis for conviction. It determined from the accusatory instrument that the statutory charge was limited to entry in a particular structure, a jewelry store, which was also included in the New York statutory definition of a building.

This case is similar to the cases of *People ex rel. Goldman v Denno* (9 NY2d 138) and *People ex rel. Gold v Jackson* (5 NY2d 243). In *Gold (supra),* defendant was charged with violating a burglary statute that defined the offense as constituting either of two acts, breaking into a building with intent to commit a felony therein or breaking out of a building, having entered with intent to commit a crime. The sentencing court properly looked at the accusatory instrument to determine whether defendant was charged with breaking in, which was also a felony in New York, rather than breaking out, which was not.

Significant, here, is the Court of Appeals statement that "[t]he intent and spirit of the *Olah* rule require that the courts of New York abstain from considering the surplusage contained in the indictment or information which would spell out a felony under our penal statutes. Only those facts alleged in the indictment or information which are not operative or material under the applicable criminal statute of the foreign jurisdiction are to be discounted in ascertaining whether the crime charged is to be deemed a felony in New York" *(People ex rel. Gold v Jackson,* 5 NY2d 243, 245, *supra).*

In *People ex rel. Goldman v Denno (supra),* the Federal conviction used as a predicate felony in sentencing defendant was for a violation of 21 USC §§ 173, 174, which made it a felony not only to sell but also to receive or conceal narcotic drugs. In New York, at the time, it was solely the sale of narcotics—or the possession with intent to sell—that was denominated a felony. Thus, it was proper for the sentencing court to look at the indictment to determine whether defendant was convicted of selling or only of receiving the drugs.

Here, in referring to the Ohio indictment to determine whether the place of entry would qualify as a "building" within the meaning of the New York burglary statute, the sentencing court did not violate "[t]he intent and spirit of the *Olah* rule" *(People ex rel. Gold v Jackson, supra,* at 245). A necessary element of the Ohio statute is the place of entry. By judicial construction and reference to an analogous statute,

many different specific places qualify as places of entry under the Ohio burglary statute. Thus, an essential allegation of the indictment was a specific statement of the place of entry, permitting the court to ascertain whether the place was one defined by law as being within the statute. Thus, the reference here to the indictment in Ohio was proper to clarify the statutory charge, to limit or narrow the basis of the conviction. Here, the allegation of the indictment concerning the place of entry, a jewelry store, was not surplusage, but was an "operative or material" fact *(People ex rel. Gold v Jackson, supra,* at 245) necessary to establish the guilt of the crime as defined by statute.

The case of *People v Muniz* (74 NY2d 464) does not require a contrary result. There, the New Jersey burglary statute defined burglary as breaking and entering "with the intent to commit an offense" therein. The New York statute required that the intent be "to commit a crime" therein and all "offenses" in New Jersey were not "crimes" in New York. The Court of Appeals held that it was improper to look to the indictment to see what crime defendant was accused of intending to commit because "the foreign crime's aggravating circumstance, criminal intent, encompasses the intent to commit a 'crime' as required by New York law, but it also applies to less culpable levels of intent, notably, the intent to commit what would be a mere violation if committed in New York. In such circumstances, as we held in *Olah,* it is improper to look to the factual allegations in the accusatory instrument as a means of clarifying the nature of the defendant's claimed predicate crime, since ' "the controversy did not turn upon [them]" ' *(People v Olah, supra,* at 100, quoting *Donahue v New York Life Ins. Co.,* 259 NY 98, 102)" *(People v Muniz, supra,* at 470).

Here, since the crime of burglary can be committed in Ohio only by breaking and entering into certain specific places, the "controversy" does turn upon the nature of the place that defendant entered.

Although the issue raised here was not addressed in *People v Adams* (164 AD2d 546), the facts in that case are precisely on point. There, defendant was convicted in Canada under a burglary statute that made it a crime to break into and enter a "place" and to commit an indictable offense therein and also to break out after having committed an indictable offense therein. Of significance here, the Canadian statute defined "place" as "a dwelling house", "a building or structure", "a

railway vehicle, vessel, an aircraft or a trailer" or "a pen or enclosure in which fur-bearing animals are kept in captivity". The *Adams (supra)* court examined the accusatory instrument and determined that defendant was charged and convicted in Canada with breaking and entering and committing a crime therein rather than breaking out (which was not a felony in New York State), and, thus, the Canadian crime was the equivalent of the New York crime of burglary in the third degree. No issue was raised on appeal, however, concerning the different statutory definitions of the place of entry. Had it been raised, the court would have been justified in looking to the indictment to determine the place of entry.

Accordingly, the judgment appealed from should be affirmed.

DENMAN, J. P., BALIO, LAWTON and DAVIS, JJ., concur.

Judgment unanimously affirmed.