■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY BOOKER, Appellant. [753 NYS2d 369] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered May 3, 2000, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 years, and order, same court and Justice, entered on or about February 21, 2002, which denied defendant's motions pursuant to CPL 440.10 and 440.20 to vacate the judgment and set aside the sentence, unanimously affirmed.

Defendant was properly sentenced as a second violent felony offender, and his CPL 440.20 motion to set aside the sentence was properly denied. A review of defendant's Virginia indictment clearly establishes that his conviction in that state was for the equivalent of a New York violent felony (*see People v Gonzalez*, 61 NY2d 586, 590-591). Defendant complains that the People did not produce the indictment at his sentencing, and produced it for the first time in response to his motion to set aside sentence. However, at sentencing, the People had no reason to produce the indictment because defendant declined to challenge his second violent felony offender status (*cf. People v Gray*, 86 NY2d 10). Thus, defendant, who instead raised this issue by way of a motion, is responsible for the procedural posture of the case.

The court properly denied a pro se postconviction application by defendant that the court treated as a motion to vacate judgment alleging ineffective assistance of counsel. The record established that defendant received meaningful representa-

tion, and his papers did not raise a factual issue warranting a hearing (*see People v Satterfield,* 66 NY2d 796, 799-800). Concur—Tom, J.P., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.