Troy BROOKS, Petitioner–Appellant,

v.

Michael MCGINNIS, Superintendent,
Respondent–Appellee.

No. 03–2940.

United States Court of Appeals,
Second Circuit.

June 23, 2004.

Marjorie M. Smith, Tappan, NY, for Appellant.

Sholom J. Twersky, Assistant District Attorney (Leonard Joblove, Assistant District Attorney, on the brief), for Charles J. Hynes, District Attorney, Kings County, Brooklyn, NY, for Appellee.

PRESENT: Hon. BARRINGTON D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges. and Hon. JOSEPH E. IRENAS,* District Judge.

### SUMMARY ORDER

Troy Brooks appeals from a judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge* ), denying his petition for a writ of habeas corpus. Familiarity with the facts and procedural history is assumed.

Brooks was convicted of burglary in the first degree in the Supreme Court, Kings County. At sentencing, the State submitted a predicate felony statement indicating that Brooks previously had been convicted

---

* The Honorable Joseph E. Irenas, United States District Judge for the District of New Jersey, sitting by designation.

of escape in South Carolina. Over defense counsel's objection, the court concluded that Brooks was a second felony offender and sentenced him to 20 years' imprisonment.

After unsuccessfully moving to vacate, and appealing, his sentence in state court, Brooks filed a petition for habeas corpus in the District Court. *See* 28 U.S.C. § 2254. He contended that the South Carolina conviction was not equivalent to the New York felony of escape and, therefore, could not serve as a predicate for his adjudication as a second felony offender. The District Court denied Brooks's petition, but issued a certificate of appealability. *See id.* § 2253(c).

The South Carolina statute under which Brooks was convicted, S.C.Code Ann. § 24–13–410,* includes attempted escape, as well as escape, and the indictment to which he pled guilty similarly charged that he did "unlawfully escape or attempt to escape from lawful confinement or custody." On appeal, Brooks contends that his South Carolina conviction encompasses the New York misdemeanors of attempted escape in the second degree and absconding from a furlough, and that "the imposition of a second-felony sentence when the offense of which he was convicted in South Carolina was broader than the 'equivalent' New York felony of escape, violated his due process rights and was fundamentally unfair."

The State, on other hand, contends that Brooks may not pursue this claim because he failed to present it to the state courts. We agree.

Before seeking federal habeas relief, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(b)(1). This means that the prisoner must " 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese,* —— U.S. ——, ——, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (quoting *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995)). To "fairly present" the claim to the state court, the petitioner "must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Daye v. Attorney Gen. of State of N.Y.,* 696 F.2d 186, 191–92 (2d Cir.1982) (en banc). With respect to the "legal premises," the petitioner must have "placed before the state court essentially the same legal doctrine" that he advances in federal court. *Id.* at 192. We have cited numerous "ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution," including:

(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitu-

---

* In full, the statute provides:

§ 24–13–410. Escaping or attempting to escape from prison or possessing tools or weapons therefor.

(A) It is unlawful for a person, lawfully confined in prison or upon the public works of a county or while in the custody of a superintendent, guard, or officer, to escape, to attempt to escape, or to have in his possession tools or weapons which may be used to facilitate an escape.

(B) A person who violates this section is guilty of a felony and, upon conviction, must be imprisoned not less than one year nor more than fifteen years.

(C) The term of imprisonment is consecutive to the original sentence and to other sentences previously imposed upon the escapee by a court of this State.

S.C.Code Ann. § 24–13–410 (1997).

tional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Id.* at 194; *see also Baldwin,* —— U.S. at ——–——, 124 S.Ct. at 1351–52.

Brooks, however, has pointed to nothing in the record to show that he "fairly presented" his due process claim to the state courts. In conjunction with his sentencing contention, Brooks's state court briefs contained no reference to the Constitution or due process. His briefs cited no federal cases, and none of the state court cases cited employ constitutional analysis. The key case on which Brooks relies, *New York v. Sair,* 173 A.D.2d 578, 570 N.Y.S.2d 312 (App.Div.1991), for example, deals exclusively with the proper construction of New York law. And far from calling to mind any specific constitutional right or alleging a pattern of facts that is in the mainstream of constitutional litigation, Brooks's leave application focuses solely on the proper construction of New York law:

> I respectfully submit that this is a leave worthy issue for several reasons: The instant case represents a major change in the analysis New York has traditionally applied in the area. The Appellate Division has now decided virtually identical cases and reached diametrically opposite results. Many cases involve a determination of whether an out-of-state conviction is the equivalent of a new York felony, thus making the issue one likely to recur. And applying the correct analysis is more important than ever, since New York's predicate felony laws have become increasingly harsh in recent years.

We therefore conclude that Brooks did not fairly alert the New York courts to the fact that he was raising a due process claim.

Because the New York courts have not yet had an opportunity to address Brooks's claim, we dismiss his appeal without prejudice to permit Brooks to pursue any procedural options available to him in state court and then to take any appropriate steps to return to federal court if necessary. We have reviewed Brooks's other contentions and find them to be without merit.

Accordingly, we dismiss this appeal without prejudice.