[821 NYS2d 828]

In the Matter of TODD NORTH, Appellant, v BOARD OF EXAMIN-
ERS OF SEX OFFENDERS OF STATE OF NEW YORK, Respon-
dent.

Fourth Department, September 29, 2006

### APPEARANCES OF COUNSEL

*Burgett & Robbins*, Jamestown (*Robert A. Liebers* of counsel), for appellant.

*Eliot Spitzer, Attorney General*, Albany (*Andrea Oser* of counsel), for respondent.

### OPINION OF THE COURT

SCUDDER, J.P.

Petitioner commenced this CPLR article 78 proceeding by order to show cause and petition seeking a judgment annulling the determination of respondent that he is required to register as a sex offender in accordance with Correction Law article 6-C. We agree with petitioner that Supreme Court erred in determining that he is required to register as a sex offender pursuant to Correction Law § 168-a (2) (d) (i). We nevertheless conclude, however, that the court properly dismissed the petition inasmuch as petitioner is required to register as a sex offender pursuant to Correction Law § 168-a (2) (d) (iii). We thus conclude that the judgment should be affirmed.

Petitioner was convicted on November 4, 2004 in the United States District Court for the Western District of New York, upon his plea of guilty, of possession of child pornography in violation of 18 USC § 2252A (a) (5) (B) and § 2256 (8) (A). Section 2252A (a) (5) (B) involves the knowing possession of material that contained an image of child pornography that was mailed, shipped or transported in interstate or foreign commerce by any means or that was produced using materials that were so mailed, shipped or transported, and section 2256 (8) (A) defines the term child pornography as any visual depiction of sexually explicit conduct involving the use of a minor engaging in such conduct. A minor is defined in section 2256 (1) as any person under the age of 18. We agree with petitioner that the court erred in determining that he was required to register as a sex offender pursuant to Correction Law § 168-a (2) (d) (i) because the federal offenses of which he was convicted do not contain the same essential element of Penal Law § 263.16 with

respect to the age of the persons portrayed in the pornography, i.e., a child less than 16 years of age (*see Matter of Nadel,* 188 Misc 2d 427, 437-438 [2001]; *cf. Matter of Millan,* 189 Misc 2d 419, 427-428 [2001], *revd on other grounds* 295 AD2d 267 [2002]; *see generally People v Gonzalez,* 61 NY2d 586, 589 [1984]; *People v Olah,* 300 NY 96, 98-99 [1949]).

We conclude, however, that petitioner is required to register as a sex offender pursuant to Correction Law § 168-a (2) (d) (iii). That section provides in relevant part that a sex offense within the meaning of Correction Law article 6-C is a conviction of any provision of 18 USC § 2252A "provided that the elements of such crime of conviction are substantially the same as those which are a part of such offense as of the date on which this subparagraph takes effect." Although petitioner does not dispute that the elements of 18 USC § 2252A are substantially the same as the elements of Penal Law § 263.16, he contends that, pursuant to Laws of 2002, chapter 11, § 24 (a) (i) and (iii), he is exempt from the registration requirement because the conduct underlying the conviction ended prior to March 11, 2002, the effective date of the amendments to Correction Law article 6-C, and he was convicted after the effective date of the amendments. Petitioner contends, essentially, that he falls through the proverbial cracks in the statutory amendments. We reject that contention and conclude that petitioner's interpretation of the amendments to Correction Law article 6-C does not comport with the intent of the Legislature in enacting them. Rather, the legislative history establishes that the intent of the Legislature was to clarify the existing law by enumerating federal offenses to be included within the definition of the term sex offense (*see* § 168-a [2] [d] [iii]), and to broaden the class of sex offenders who are required to register in New York State in order to comply with federal law (*see* Senate Mem in Support, 2002 McKinney's Session Laws of NY, at 1650-1651).

In any event, even assuming, arguendo, that petitioner is not required to register as a sex offender under Correction Law article 6-C, we note that he nevertheless is required to register as a sex offender in New York State as a condition of his federal sentence of probation. Accordingly, we conclude that the judgment should be affirmed.

KEHOE, GORSKI, SMITH and PINE, JJ., concur.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed, without costs.