UNITED STATES, Appellee,

v.

Ronald S. HARRIS, Data Systems Technician Seaman, U.S. Navy, Appellant.

No. 56,587.
NMCM 86 1919.

U.S. Court of Military Appeals.

Dec. 14, 1987.

For Appellant: *Lieutenant Commander Robert J. Smith, JAGC, USN* and *Lieutenant Anthony D. Dokurno, JAGC, USNR* (on brief); *Lieutenant Commander Alvin L. McDonald, JAGC, USN* and *Lieutenant Susan R. Cornell, JAGC, USNR.*

For Appellee: *Captain Wendell A. Kjos, JAGC, USN* and *Lieutenant Commander Lawrence W. Muschamp, JAGC, USN* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant was tried by a general court-martial composed of officer members. Pursuant to his pleas, he was convicted of larceny of a credit card, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. He was also charged with rape and carnal knowledge of a female under the age of 16, in violation of Article 120, UCMJ, 10 U.S.C. § 920. Contrary to his pleas, he was found guilty of committing "an indecent act" with a female under the age of 16, in violation of Article 134, UCMJ, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement for 2 years, forfeiture of $320.00 pay per month for 24 months, and reduction to the lowest enlisted pay grade. The conven-

ing authority approved, and the Court of Military Review affirmed, the findings and sentence. One judge dissented.

This Court granted review of the following issue:

> WHETHER APPELLANT COULD BE CONVICTED OF ORAL SODOMY AS A LESSER–INCLUDED OFFENSE OF THE CHARGED OFFENSES OF RAPE AND CARNAL KNOWLEDGE.*

We conclude that he was properly convicted of committing "an indecent act" with a female under age 16 and affirm.

Appellant was charged with rape and carnal knowledge of his 8–year-old stepdaughter. The members found him guilty of what purports to be a lesser-included offense of carnal knowledge, i.e.—committing "an indecent act" with a minor, specifying that the indecent act committed was "oral sodomy." Early in her testimony, it was established that the victim used the terms "bushes" and "privacy" for male genitalia, and "breasts" and "privacy" for her own. During her testimony, the child described various acts of sexual touching with her stepfather. She stated that sometimes he touched her on her "privacy" and sometimes on her breasts; sometimes her stepfather "would lay on top of" her "and move all kinds of ways, ... his 'bushes' touch[ed]" her "privacy," and sometimes it would "go inside" it; and he had "put his mouth" on her breasts and her "privacy." She also described an act of fellatio in vivid detail. It was not clear from her testimony whether this act was a distinctly separate act or whether it occurred as part of other sexual activity.

Trial defense counsel did not object to that portion of the child's trial testimony describing oral sodomy. He specifically declined to request a bill of particulars and specifically requested that no limiting or other instruction be given concerning the evidence of oral sodomy.

On appeal, appellate defense counsel contend appellant was improperly convicted of sodomy (via the lesser-included offense of carnal knowledge: committing "an indecent act") based upon testimony regarding uncharged misconduct, and now argue that appellant was denied due process of law because he was not "put on notice of the offenses against which he must defend" and that, "[u]nder the facts of this case, it must be presumed that appellant's trial preparation was compromised." We disagree.

Paragraph 90c, Part IV, Manual for Courts-Martial, United States, 1984, explains that, for the offense of committing indecent acts, the word "indecent"

> signifies that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to excite lust and deprave the morals with respect to sexual relations.

The maximum punishment for this offense is a dishonorable discharge, total forfeitures, and 5 years of confinement. By comparison, the offense of sodomy, described in paragraph 51, Manual, *supra*, as "unnatural carnal copulation," is punishable, when committed with a child under the age of 16, by a dishonorable discharge, total forfeitures, and confinement for 20 years. It would indeed be a tortured exercise in semantics to conclude that oral sodomy is not an indecent act. Furthermore, trial defense counsel specifically acquiesced to the military judge when he stated, "I assume that you have not been misled [regarding the evidence of sodomy] because you didn't ask for a bill of particulars."

As we stated in *United States v. Watkins*, 21 M.J. 208, 209 (C.M.A.1986):

> [W]e choose to follow the rule of most federal courts of liberally construing specifications in favor of validity when they are challenged for the first time on appeal.

(Footnote omitted.) In that case, we cited the rule as expressed by the Sixth Circuit

---

* As is often the case, the issue subtly misstates the facts: Appellant was charged with carnal knowledge, but he was found guilty of committing "an indecent act," not sodomy. The indecent act was found to be oral sodomy. He was acquitted outright of rape.

in *United States v. Hart*, 640 F.2d 856, 857–58, *cert. denied*, 451 U.S. 992, 101 S.Ct. 2334, 68 L.Ed.2d 853 (1981):

[U]nless the defendant can show prejudice, a conviction will not be reversed where the indictment is challenged only after conviction unless the indictment cannot within reason be construed to charge a crime.

21 M.J. at 210.

 In this case, the child victim testified to a variety of acts which easily could have been interpreted as indecent acts, and certainly the court members reasonably could have construed her graphic account of oral sodomy as an indecent act. While it would have been a more precise finding if the members had described the indecent act rather than use the term "oral sodomy," "[i]rregularities or technical inaccuracies in the court members' findings by exceptions and substitutions can be expected." *United States v. Court*, 18 M.J. 724, 728 (A.F.C.M.R.1984), reversed in part on other grounds, 24 M.J. 11 (C.M.A.1987). We will not overturn this conviction merely because the members cast their findings in less-than-perfect language. *See United States v. Cameron*, 34 C.M.R. 913 (A.F.B.R.1964).

 In this case, particularly where the defense affirmatively declined a bill of particulars or limiting instructions, we find that the appellant was not misled. Furthermore, he received a sentence to confinement for 2 years for both the larceny and indecent-act offenses. Therefore, we find that this appellant suffered no prejudice. Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.